UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
C. HANS FIGI,                                                                          Case No. 12-CV-5757 (AKH)

                                  Plaintiff,

       -against-

ROSS INSTITUTE FOR ADVANCED STUDY AND
INNOVATION IN EDUCATION, THE ROSS SCHOOL
and COURTNEY SALE ROSS,

                                Defendants.
-------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

                                                              MORITT HOCK & HAMROFF LLP
                                                              *Counsel to Ross Institute for Advanced Study and Innovation in Education, The Ross School and Courtney Sale Ross*
                                                              400 Garden City Plaza
                                                              Garden City, NY  11530
                                                              (516) 873-2000

Of Counsel:    Robert M. Tils, Esq.
                       Stephen E. Turman, Esq.
                       Jaimie R. Wolf, Esq.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

   The Defendants ................................................................................................................. 2

   The Employment Agreement ............................................................................................ 3

ARGUMENT

POINT I

   STANDARD OF REVIEW FOR A MOTION TO DISMISS PURSUANT TO
   SECTION 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE ........................... 4

POINT II

   THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE
   THE LABOR LAW DOES NOT PROVIDE A STATUTORY CLAIM BASED
   ON A PURPORTED FAILURE TO PAY SEVERANCE ....................................................... 4

POINT III

   THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST MRS. ROSS ... 7

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*DeJesus v. Sears, Roebuck Co.*, 87 F.3d 65 (2d Cir. 1996) ............ 4

*Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 605 N.Y.S.2d 213 (1993) ............ 7

*Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp.2d 341 (N.D.N.Y. 2007) ............ 5

*Kane v. Waterfront Media, Inc.*, 2007 NY Slip Op 34370U, 2008 N.Y. Misc. LEXIS 10796 (S. Ct., NY Co. August 22, 2008) ............ 6

*Malinowski v. Wall Street Source, Inc.*, No. 09 Civ. 9592, 2012 U.S. Dist. LEXIS 11575 (S.D.N.Y. Jan. 31, 2012) ............ 7

*Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v. Fleming,* 32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dep't 2006) ............ 6

*Mongale v. Scholastic, Inc.*, No. 06-14342, 2007 U.S. Dist. LEXIS 19788 (S.D.N.Y. Mar. 9, 2007) ............ 5, 7

*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2d Cir. 2009) ............ 4

*Ryan v. Kellogg Partners Institutional Services*, 19 N.Y.3d 1, 945 N.Y.S.2d 593 (2012) ............ 6

*Strohl v. Brite Adventure Center, Inc.*, No. 08 CV 259, 2009 U.S. Dist. LEXIS 78145 (E.D.N.Y. Aug. 28, 2009) ............ 6

*Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 715 N.Y.S.2d 366 (2000) ............ 7

*Wiggins v. Hain Pure Protein Corp.*, 829 F. Supp.2d 231 (S.D.N.Y. 2011) ............ 5

**Statutes and Rules**

Federal Rules of Civil Procedure 8(a)(2) ............ 4

Federal Rules of Civil Procedure 12(b)(6) ............ 1, 4

Federal Rules of Civil Procedure 54(b) ............ 1, 9

New York Labor Law §190 ............ 7

New York Labor Law §191 ............ 6

New York Labor Law §193 ............ 2, 4, 5, 6, 7

New York Labor Law §198 ............ 5, 7

**PRELIMINARY STATEMENT**

The defendants, sued herein as Ross Institute for Advanced Study and Innovation in Education (the "Institute"), The Ross School (the "School") and Courtney Sale Ross ("Mrs. Ross") (collectively, the "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion (the "Motion") for entry of an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"): (i) dismissing the First Cause of Action (alleging a violation of the New York Labor Law) asserted by Plaintiff C. Hans Figi ("Plaintiff" or "Figi") in his Amended Complaint dated December 6, 2012 (the "Amended Complaint")[1] as against all of the Defendants; (ii) dismissing the Amended Complaint in its entirety as against Mrs. Ross, directing the immediate entry of judgment in favor of Mrs. Ross pursuant to FRCP 54(b) and striking Mrs. Ross as a defendant in the caption of the action; and (iii) granting such additional relief as this Court deems just and proper.

The gravamen of Plaintiff's Amended Complaint is his allegation that the Defendants have breached his employment agreement by failing to pay severance due to him after his termination. As alleged in Plaintiff's Amended Complaint, Plaintiff was notified that he was being terminated for cause and therefore no severance was due. However, Plaintiff contends that his termination was without cause.

Had Plaintiff simply asserted a breach of contract claim (his Second Cause of Action) against the School, the School would have answered and proceeded to litigate the merits of whether the termination was for cause. However, Plaintiff also claims that Defendants actions entitle him to relief under Article 6 of the New York Labor Law (his First Cause of Action) – and the liquidated damages and attorneys fees provisions contained therein. While the Amended

---

[1] A true copy of the Amended Complaint is annexed as Exhibit "1" to the Declaration of Robert M. Tils, dated December 18, 2012 (the "Tils Declaration").

1

Complaint contains a more focused and less rambling treatment of this claim than that in his original Complaint, Plaintiff has, again, willfully ignored the well-settled law, discussed below, that a failure to pay severance is not a violation of New York Labor Law §193, which is addressed to deductions from wages.  Therefore, Plaintiff's Labor Law cause of action must be dismissed for failure to state a claim upon which relief can be granted.  In addition, since the employment agreement annexed to Plaintiff's Amended Complaint is between the Plaintiff and the School, Plaintiff's contract claim against Mrs. Ross individually must also be dismissed.

## PROCEDURAL HISTORY

Plaintiff's original Complaint, which contains the identical causes of action as in the Amended Complaint, was filed with this Court on July 26, 2012 (the "Original Complaint"). Defendants timely moved to dismiss Plaintiff's First Cause of Action in the Original Complaint and all claims against Mrs. Ross in their entirety.  By Order dated December 5, 2012, this Court dismissed the Original Complaint on the basis that Plaintiff had not sufficiently established that this Court possessed subject matter jurisdiction, but granted Plaintiff twenty (20) days to cure this defect.  Plaintiff served his Amended Complaint on or about December 6, 2012.  Because the Amended Complaint contains the same substantive defects as the Original Complaint, Defendants again move to dismiss.

## STATEMENT OF FACTS

### The Defendants

Plaintiff alleges that the Institute is a Delaware corporation with its principle place of business in New York, that the School is a private, coeducational school located in New York and that Mrs. Ross is the President and Chair of the Board of Trustees of the Institute (Amended Complaint, ¶¶9-12 & §2(A) of Exhibit "A" thereto).  Plaintiff has not accurately pleaded the

2

status of the Institute and School, however, for purposes of this motion only, they will be treated as alleged in the Amended Complaint. Defendants do not dispute that there is complete diversity or that this Court has subject matter jurisdiction.

**The Employment Agreement**

On or about July 1, 2011, the Plaintiff and the School entered into a written agreement, pursuant to which the Plaintiff became the "Director of Development and External Relations for Ross School" (the "Employment Agreement") (Amended Complaint, ¶15 and Exhibit "A" thereto).[2] The Employment Agreement was effective as of August 1, 2011 (*id*.). By written amendment dated August 5, 2011, the commencement date of the Employment Agreement was changed to August 25, 2011 (*id*., ¶17).

On or about November 18, 2011, the School exercised its right to terminate the Employment Agreement for cause (Amended Complaint, ¶25, and Exhibit "B" thereto). In his Amended Complaint, Plaintiff contends that he was terminated without cause and therefore, pursuant to the Employment Agreement, he is entitled to a severance payment in the amount of $102,513.00 (Amended Complaint, ¶¶29 & 35).

---

[2] Plaintiff has – again – annexed an incomplete copy of the Employment Agreement as Exhibit "A" to the Amended Complaint, despite Defendants noting this error in their prior motion. However, the missing parts of the Employment Agreement are not necessary to the arguments made in Defendants' moving papers.

## ARGUMENT

### POINT I

### STANDARD OF REVIEW FOR A MOTION TO DISMISS PURSUANT TO SECTION 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 8(a)(2) of the FRCP provides that a pleading must contain "a short and plain statement of the claim that the pleader is entitled to relief . . . ."  A motion to dismiss under Rule 12(b)(6) of the FRCP is "designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue."  *DeJesus v. Sears, Roebuck Co.*, 87 F.3d 65, 69 (2d Cir. 1996).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a court must accept as true all of the *factual allegations* set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally."  *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009) (emphasis added).

However, as discussed below, even accepting the *factual allegations* of Plaintiff's Amended Complaint (as opposed to the legal arguments made therein) as true and drawing all inferences in Plaintiff's favor, the Plaintiff fails to state a claim based on Labor Law §193 upon which relief can be granted against any Defendant.  As for the Plaintiff's Second Cause of Action for common law breach of contract, the Plaintiff fails to plead facts sufficient to establish the existence of a claim against Mrs. Ross.

### POINT II

### THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THE LABOR LAW DOES NOT PROVIDE A STATUTORY CLAIM BASED ON A PURPORTED FAILURE TO PAY SEVERANCE

Plaintiff's Amended Complaint alleges that he was terminated without cause and that, as a result, he was entitled to be paid severance in the amount of $102,513.00 (Amended

Complaint, ¶¶29 & 35).  Based on this purported breach of contract, Plaintiff "argues" in his Amended Complaint (which is essentially a legal brief on this issue) that he is entitled to "liquidated damages" under Labor Law §§198(1-a) and 198(3) equal to double the actual damages incurred by Plaintiff, together with attorney's fees, costs and disbursements.  (Amended Complaint, ¶38 & 52).  However, even if Plaintiff were to establish that not paying him his severance was a breach of the Employment Agreement, his Amended Complaint would still not state a claim under the Labor Law, since the law is clear that the failure to pay severance is *not* a viable cause of action under Labor Law §193.

In *Mongale v. Scholastic, Inc.*, No. 06-14342, 2007 U.S. Dist. LEXIS 19788 (S.D.N.Y. Mar. 9, 2007), the District Court addressed the specific question of whether an employer's failure to pay severance due to a former employee pursuant to the terms of an employment contract was a viable claim under Labor Law §193 sufficient to survive a Rule 12(b)(6) motion to dismiss.  After considering this issue, the District Court granted the motion to dismiss and held that Section 193 of the Labor Law "has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages."  *Id.* at *5-6.

In *Wiggins v. Hain Pure Protein Corp.*, 829 F. Supp.2d 231 (S.D.N.Y. 2011), the District Court, in the context of a summary judgment motion, stated that a former employee's "allegations [of failure to pay severance] do not state a claim under [Labor Law] §193 because that section 'has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages.'"  *Id.* at 242, *quoting Mongale*, *supra*.

In *Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp.2d 341 (N.D.N.Y. 2007), the District Court granted summary judgment dismissing a former employee's Labor Law §193 claim based on a failure to pay vacation or severance pay, holding:

> [Defendant] did not make unauthorized deductions from
> [plaintiff's] severance pay.  Rather, it never tendered payment of
> . . . severance pay to plaintiff.  Since this activity [does] not fall
> within the realm of §193, an issue of fact does not exist.

*Id.* at 353; *see also Strohl v. Brite Adventure Center, Inc.*, No. 08 CV 259, 2009 U.S. Dist. LEXIS 78145, at *27-28 (E.D.N.Y. Aug. 28, 2009) (failure to pay wages is a claim under Labor Law §191, but it is not a deduction giving rise to a claim under §193); *accord Kane v. Waterfront Media, Inc.*, 2007 NY Slip Op 34370U[*8], 2008 N.Y. Misc. LEXIS 10796 [**9] (S. Ct., NY Co. August 22, 2008).

Plaintiff's entire First Cause of Action under Labor Law §193 is premised on the Institute's alleged failure to pay severance, due to the dispute over whether Plaintiff was terminated for cause or without cause.  Where, as here, there is a dispute as to the calculation of the amount due pursuant to an employment contract, there has not been a deduction from wages within the meaning of Labor Law §193, and the additional remedies under Labor Law Article 6 are unavailable.  *Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v. Fleming,* 32 A.D.3d 566, 567, 820 N.Y.S.2d 348, 350 (3d Dep't 2006).  Since Plaintiff does not allege any facts that, if true, would constitute a claim under Labor Law §193, Plaintiff's First Cause of Action must be dismissed.

It appears from both his Amended Complaint and his counsel's inappropriate letter to the Court of December 6, 2012, that Plaintiff is relying almost singularly on *Ryan v. Kellogg Partners Institutional Services*, 19 N.Y.3d 1, 945 N.Y.S.2d 593, 602 (2012) to support his argument that a failure to pay severance creates a viable cause of action under Labor Law §193 (Amended Complaint, ¶49).  However, Plaintiff's reliance on *Ryan* is misplaced, since *Ryan* involved a guaranteed, non-discretionary bonus that was "expressly linked" to the employee's "labor or services personally rendered" and "had been earned and was vested before he left his

6

job." *Ryan*, at 16 (quoting and distinguishing *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224, 715 N.Y.S.2d 366 (2000)).  Unlike *Ryan*, this case involves an alleged failure to pay severance, which is not a payment for services rendered.  While the bonus in *Ryan* was a payment for services actually rendered, the severance payment at issue herein would have been a payment for *not* rendering services.  Therefore, *Ryan* does not impact the clear precedent cited above, holding that a failure to pay severance does not give rise to a claim under Labor Law §193.[3]

Likewise, Plaintiff's claims for attorneys' fees and any other remedies or relief provided for in Labor Law §198 must be dismissed, as Section 198 does not provide a substantive cause of action, but only provides remedies "when a claimant has established a violation of his rights under a substantive portion of Article 6."  *Malinowski v. Wall Street Source, Inc.*, No. 09 Civ. 9592, 2012 U.S. Dist. LEXIS 11575 at *7-8 (S.D.N.Y. Jan. 31, 2012), *citing Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 462, 605 N.Y.S.2d 213, 216 (1993).

Based on the forgoing, Plaintiff fails to state a cause of action based on a purported violation of Labor Law §§190, 193 and/or 198.  As such, Plaintiff's First Cause of Action should be dismissed with prejudice against all of the Defendants.[4]

## POINT III

## THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST MRS. ROSS

The Plaintiff's Second Cause of Action lumps all of the Defendants together and alleges that "Defendants" breached the Employment Agreement by failing to pay Plaintiff $102,513.00

---

[3] It is unclear from the *Ryan* decision why Labor Law §193 was implicated at all in that case, as opposed to Labor Law §191.

[4] Even if claims for non-payment of severance were covered by the Labor Law, Plaintiff's Amended Compliant would still not state a claim, due to Plaintiff's status as a "person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week." Labor Law §198-c(3); *Mongale*, *supra*.

7

in severance (Amended Complaint, ¶¶53-63). However, on the face of the Employment Agreement itself, which Plaintiff annexes as Exhibit "A" to his Amended Complaint, it expressly states that the only parties to that contract were the School and Plaintiff. In fact, the very first line of the Employment Agreement states:

> This Employment Agreement (the "Agreement") is made as of August 1, 2011 ("Effective Date") between Ross Institute d/b/a Ross School, ("Ross School/Institute" or "School/Institute") and C. Hans Figi (the "Employee") ("Ross School" and the "Employee," collectively the "Parties").

(Employment Agreement, pg. 1). Likewise, the Amendment, in its very first sentence, makes specific reference to the "Employment Agreement executed July 1, 2011 between the Ross Institute d/b/a Ross School and C. Hans Figi" (Amendment, pg. 1).

Clearly, Mrs. Ross is not a party to the Employment Agreement and the Plaintiff has not alleged any facts that would suggest that he has a cause of action against Mrs. Ross or that she is somehow personally liable to him for any damages. There is no privity of contract between Mrs. Ross in her personal capacity and Plaintiff. As such, the Plaintiff's Second Cause of Action as against Mrs. Ross for breach of contract should be dismissed with prejudice.

In addition, because the Plaintiff's First Cause of Action should be dismissed with prejudice as against all Defendants and because the Plaintiff does not have a cause of action against Mrs. Ross personally for breach of contract, there are no causes of action remaining as to Mrs. Ross. Accordingly, the Amended Complaint should be dismissed as against Mrs. Ross in its entirety, and immediate entry of judgment in Mrs. Ross' favor should be directed pursuant to FRCP 54(b), and Mrs. Ross should be removed as a named defendant from the caption in this action.

## **CONCLUSION**

Based on the foregoing, the Ross Institute for Advanced Study and Innovation in Education, The Ross School and Courtney Sale Ross respectfully request that this Court enter an Order: (i) dismissing Plaintiff's First Cause of Action with prejudice for failure to state a claim as against all Defendants; (ii) dismissing Plaintiff's Second Cause of Action with prejudice as against Defendant Courtney Sale Ross, directing the immediate entry of judgment in favor of Mrs. Ross pursuant to FRCP 54(b) and striking Mrs. Ross as a defendant in the caption in the action; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
December 18, 2012

MORITT HOCK & HAMROFF LLP
Attorneys for Defendants

By: */s/ Robert M. Tils*
Robert M. Tils
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000